UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
YARON OSKAR,

                Plaintiff,

      - against -

IDS PROPERTY CASUALTY INSURANCE
COMPANY, d/b/a AMERIPRISE AUTO & HOME
INSURANCE,

                Defendant.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**
09-CV-04516 (RRM)(JO)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 2 3 2011 ★

BROOKLYN OFFICE

**MAUSKOPF, United States District Judge.**

Plaintiff Yaron Oskar ("Plaintiff") brings this putative class action under Federal Rule of Civil Procedure 23(b)(2) and (b)(3) against Defendant IDS Property Casualty Insurance Company ("Defendant"). Plaintiff asserts claims under the New York Vehicle and Traffic Law ("NYVTL") § 313, the New York Unfair and Deceptive Acts and Practices Statute, General Business Law ("GBL") § 349, and common law. Defendant now moves to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. For the reasons set forth herein, the Defendant's motion is GRANTED.

## BACKGROUND

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, the Court accepts as true all facts alleged in the Complaint and draws all reasonable inferences in favor of the Plaintiff. *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002).

In June 2009, Defendant cancelled Plaintiff's automobile insurance policy for non-payment, due to an apparent error in processing a telephonic payment. (Compl. ¶¶ 6, 7.) Plaintiff alleges that his insurance policy was canceled without notice, and that he only received

notice of the cancellation after he was involved in an automobile accident on July 6, 2009. (*Id.* ¶¶ 8-9.) After informing Defendant that he had not received notice of cancellation, Defendant sent Plaintiff one page of a lengthy Proof of Mail Report. (*Id.* ¶ 15.) In the full Report, Defendant identified 986 notices of cancellation sent on June 3, 2009, including a notice of cancellation allegedly sent to Plaintiff. (*Id.* ¶¶ 15-16.)

Plaintiff's Complaint is not a model of clarity. However, at its core, the Complaint asserts class claims under state law on behalf of Plaintiff and others similarly situated. It alleges that Defendant has failed to comply with one particular aspect of NYVTL § 313(1)(a), which sets forth the procedures for the termination of automobile insurance policies by insurers. Specifically, Plaintiff claims that Defendant failed to comply with the statute's requirement that insurers obtain a "certificate of mailing, properly endorsed by the postal service" in addition to sending proper notice of cancellation. NYVTL § 313(1)(a).

Plaintiff alleges that Defendant's Report failed to include copies of certificates of mailing and, moreover, did not reflect that Defendant had purchased certificates of mailing pursuant to statutory requirement. (Compl. ¶ 17.) To support this allegation, Plaintiff notes that the Report does not indicate that Defendant "paid the charge of $1.15 per item for certificate of mailing," which would have brought the total cost of the notice and certificate to "$1,508.02, not $414.12" as reflected in the Report. (*Id.*)

On the basis of these facts, Plaintiff asserts six causes of action against Defendant, and seeks to represent a putative class made up of "[a]ll persons or entities who purchased automobile insurance from Ameriprise and whose policies Ameriprise cancelled at any time on or after June 2, 2006, by mailing said persons or entities a notice of cancellation without a

2

certificate of mailing."[1] (Compl. ¶ 28.) First, Plaintiff contends that Ameriprise's alleged failure to procure certificates of mailing constitutes a violation of NYVTL § 313 that gives rise to a cause of action. (Compl. ¶ 18.) Second, Plaintiff alleges that Defendant's violation of this statute is a "*per se* violation" of GBL § 349. (Compl. ¶ 19.) Third, Plaintiff seeks an injunction under GBL § 349 precluding Defendant from cancelling any insurance policies without complying with the statutory language of NYVTL § 313. (Compl. ¶ 57.) Fourth, Plaintiff seeks declaratory judgment that his policy, and those of the class members he seeks to represent, continue in force and be retroactively reinstated. (Compl. ¶ 63.) Fifth, Plaintiff alleges a claim for common law negligence. Sixth, Plaintiff demands restitution based on unjust enrichment.[2]

Subject matter jurisdiction in this case is predicated solely on the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d)(2). Plaintiff has alleged that the aggregate matter in controversy exceeds $5 million, and there is minimal diversity. Plaintiff also alleges supplemental jurisdiction pursuant to 28 U.S.C. 1367(a) over state law non-class claims.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to examine the legal, rather than factual, sufficiency of a complaint. As required by Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[1] Plaintiff also seeks to represent a subclass consisting of: "All members of the Class whose vehicles that are or were covered under Ameriprise insurance policies that were involved in an accident and for which Ameriprise has denied any insurance coverage due to the purported cancellation of those policies." (Compl. ¶ 29.)
[2] Plaintiff has consented to dismissal of an additional claim for restitution based on common law unjust enrichment. (Mem. in Opp'n to Mot. to Dismiss 20 (Doc. No. 14).) Therefore, that claim is dismissed.

A court considering a 12(b)(6) motion must "take[] factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted). A complaint need not contain "'detailed factual allegations,'" but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The determination of whether "a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–158 (2d Cir. 2007)).

In deciding a motion to dismiss, the Court may consider documents that are referenced in the complaint, documents relied upon by plaintiff in bringing suit, and that either are in the plaintiff's possession or were known to the plaintiff when the plaintiff brought suit, or matters of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). "Even where a document is not incorporated by reference, a court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *See id.* (internal footnotes and citation omitted).

## DISCUSSION

### I. Class Claim: Violation of New York Vehicle and Traffic Law § 313

Plaintiff's central allegation is that Defendant failed to provide him, and others similarly situated, with effective notice of cancellation and a valid certificate of mailing as required by statute to cancel his automotive insurance policy. To support this claim, Plaintiff alleges in his Complaint that if Defendant properly "followed VTL § 313 and obtained certificates of mailing for those cancellation notices, the total cost would have been $1,1508.021," instead of $414.12 as listed in the Report. (Compl. ¶ 17.) Defendants point to post office regulations allowing bulk mailing of certificates of cancellation at a rate of $0.42 per item. (*See* Mem. in Supp. of Mot. to Dismiss Ex. C (Doc. No. 13), at 6.) Thus, the amount identified on the Report, $414.12, they contend, accurately reflects the proper payment for a bulk certificate of mailing. (Compl. ¶ 17.)

Plaintiff in response alleges new facts, arguing not that there was an absence of a certificate of mailing, as originally asserted, but rather that the certificate of mailing sent was defective because it did not appear to list the price for postage. Plaintiff's new theory is unavailing, however, as it is premised on the same faulty understanding of the character and function of the certificate of mailing as his original theory.

Plaintiff's case is premised upon an interpretation of NYVTL § 313 that erroneously couples two distinct statutory requirements. The first is that insurers must send to insureds an effective notice of cancellation of their automotive policy. The second is that insurers obtain, and keep for their records, a certificate of mailing. In essence, Plaintiff's class claims are premised upon an interpretation of NYVTL § 313 that that treats a certificate of mailing as a necessary component of proper notice of cancellation. This is simply incorrect.

5

Under New York law, insurers are, indeed, required to obtain a valid certificate of mailing, and to keep a copy of their records. *See* NYVTL § 313. A valid certificate of mailing then may serve to satisfy the insurer's burden of proof as to effective notice of cancellation of an insurance policy. *See Allstate Ins. Co v. Peruche*, 474 N.Y.S.2d 845, 846 (App. Div. 2d Dep't 1984). The lack of a valid certificate of mailing does not, however, obviate the possibility of effective notice; it merely changes the type of proof which is required to prove such notice. Indeed, New York state courts have held: "While obtaining a properly endorsed certificate of mailing, which is retained in the regular course of business by the insurer, together with the notice of cancellation, creates a conclusive presumption vis-à-vis mailing of the notice of cancellation, and thus eases the insurer's burden of proof, the failure to either obtain or retain the certificate of mailing or the loss of the certificate would not vitiate the cancellation of the policy of insurance, but would only relegate the insurer to common-law proof to establish timely cancellation." *Id.*; *see Holmes v. Utica Mut. Ins. Co.*, 461 N.Y.S.2d 549 (App. Div. 1983).

The insurer retains at all times the burden of proving that the cancellation of an insurance policy was timely and valid. S*ee Lehrer McGovern Bovis v. Public Serv. Mut. Ins. Co.*, 700 N.Y.S.2d 837, 838 (App. Div. 2000). The insurer may do so conclusively by proving it obtained, and kept for its records, a valid certificate of mailing, or it may create a presumption that the cancellation notice was sent by offering proof of "an office practice and procedure followed by the insurers in the regular course of their business, which shows that the notices of cancellation have been duly addressed and mailed," regardless of whether the insured actually received the notice. *Nassau Ins. Co. v. Murray*, 46 N.Y.2d 828, 829 (1978). Once the insurer meets its burden, the burden shifts to plaintiff to rebut the presumption of receipt. *See id.* Yet, naked denial of receipt, without more, is inadequate to rebut the presumption once established – the

insured must also make a showing that "routine office practice was not followed or was so careless that it would be unreasonable to assume that the notice was mailed." *Id.* Thus, under New York law, Plaintiff's cause of action cannot be based upon Defendant's alleged failure to obtain a proper certificate of mailing, because Plaintiff is simply not entitled to such action by Defendant.[3]

Moreover, NYVTL § 313 is silent as to whether there exists a private cause of action under this statute. As such, in order for Plaintiff to assert claims under this provision, the court must determine whether "a legislative intent to create such a right of action is 'fairly implied' in the statutory provisions and their legislative history." *Brian Hoxie's Painting Co., Inc. v. Cato-Meridian Sch. Dist.*, 556 N.E.2d 1087, 1089 (N.Y. 1990) (internal citation omitted). Generally, courts use three factors in determining whether a silent statute "fairly implies" a private right of action: "whether the plaintiff is one of the class for whose particular benefit the statute was enacted, whether recognition of a private right of action would promote the legislative purpose, and whether creation of such a right would be consistent with the legislative scheme." *Henry v. Isaac*, 632 N.Y.S.2d 169, 171 (App. Div. 1995); *see also Carrier v. Salvation Army*, 667 N.E.2d 328, 329 (N.Y. 1996).

If a valid certificate of mailing is produced, this establishes conclusive evidence of notice, thereby relieving insurers of the need to resort to other, more cumbersome methods of common-law proof. *See Peruche*, 474 N.Y.S.2d at 846. As the function of the certificate of mailing is to provide insurers with an alternative method of meeting their evidentiary burden, the potential beneficiary of obtaining a proper certificate of mailing is the insurer, not the insured.

---

[3] In this sense, Plaintiff's argument based on *Barile v. Kavanaugh*, 494 N.E.2d 82 (N.Y. 1986), that notice of cancellations are "ineffective unless in strict compliance with the requirements" of NYVTA §313(a)(a) is correct, in some situations. It applies where an insurer relies on the certificate of mailing itself as proof of receipt. However, as shown, there are different ways in which an insurer may make an evidentiary showing that notice was sent to an insured, and thus the lack of a certificate of mailing, without more, is insufficient to sustain a cause of action based on NYVTL § 313.

Further, a private cause of action would promote neither the legislative purpose of the statute, nor the legislative scheme, because to so infer would be to grant Plaintiff here a right to which he not entitled under a plain reading of the statute.

Plaintiff has failed to allege adequate facts in his Complaint which could support a claim under NYVTL § 313 for monetary or declaratory relief. Therefore, Counts 1 and IV of the Complaint are dismissed.

## II. Class Claim: Violations of New York General Business Law § 349

Plaintiff also asserts a cause of action for violation of New York General Business Law §§ 349 *et seq.*, New York's consumer protection statute, seeking monetary and injunctive relief. To prevail on a consumer protection claim, a plaintiff must prove: "first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Stutman v. Chem. Bank*, 731 N.E.2d 608, 611 (N.Y. 2000) (internal citation omitted); *see also City of N.Y. v. Smokes-Spirits.com, Inc.*, 911 N.E.2d 834, 838 (N.Y. 2009); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 744 (N.Y. 1995). The facts alleged in Plaintiff's Complaint fail to support a cause of action within the ambit of GBL § 349.

Central to Plaintiff's Complaint, and his class definition, is his contention that Defendant's failure to obtain and retain proper certificates of mailing rendered invalid any attempts at proper cancellation under NYVTL § 313. Yet, this failure, even if taken as true, does not constitute a colorable cause of action under GBL § 349. First, the conduct at issue must be consumer-oriented, meaning that it has a broad impact on consumers at large. *See, e.g., Denenberg v. Rosen*, 897 N.Y.S.2d 391, 396 (App. Div. 2010) (noting that "[a]s it was the operation of plaintiff's particular [pension] plan that caused the problems with the IRS, this is

essentially a private dispute among the parties relating to advice that plaintiff received and his particular plan structure, rather than conduct affecting the consuming public at large"); *Sec. Mut. Life Ins. Co. v. DiPasquale*, 724 N.Y.S.2d 594, 594 (App. Div. 2001) (finding a claim under § 349 unviable because it "essentially alleges a private contract dispute over policy coverage that is unique to the parties, rather than conduct that affects the consumers at large"). Ultimately, "the gravamen of the complaint must be consumer injury or harm to the public interest." *Azby Brokerage, Inc. v. Allstate Ins. Co.*, 681 F. Supp. 1084, 1089 n.6 (S.D.N.Y. 1988). The failure to obtain a certificate of mailing not only fails to implicate the public interest, but has no real negative effect on any party other than the insurer. It does not, therefore, constitute consumer-oriented activity.

Second, the conduct at issue must be a deceptive act "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Oswego*, 647 N.E.2d 741, 745 (1995). "The rule imposes an objective standard by taking into account what a reasonable consumer would do under the plaintiff's particular circumstances. There can be no claim for deceptive acts or practices, however, when the alleged deceptive practice was fully disclosed." *Watts v. Jackson Hewitt Tax Serv. Inc.*, 579 F. Supp. 2d 334, 346 (E.D.N.Y. 2008). As shown above, certificates of mailing serve internal, record-keeping, ultimately evidentiary purposes, and do not in any way affect the insured's behavior. The failure to obtain a certificate of mailing thus cannot be fairly said to deceive the insured.

Last, it is impossible for Plaintiff to meet his pleading burden with respect to damages. The benefits of obtaining and retaining certificates of mailing inure to the insurer, not to the insured. Plaintiff cannot possibly have been damaged by Defendant's alleged failure to procure

a certificate of mailing; indeed, the Defendant's failure to do so would be a potential benefit to the Plaintiff.

Plaintiff has failed to allege adequate facts in his Complaint that could support a claim under GBL § 349 for monetary or injunctive relief. Therefore, Counts II and III of the Complaint are dismissed.

### III. Class Claim: Negligence

Plaintiff also brings a claim for negligence on behalf of the putative class. His Complaint insufficiently sets forth facts that could defeat a motion to dismiss.

First, he notes that he and the class members he seeks to represent "allege and rely on *res ipsa loquitur*" in pleading this cause of action. (Compl. ¶ 65.) In the first instance, *res ipsa loquitur* – an evidentiary doctrine of negligence – is not relevant here. *See Chauvet v. Beth Israel Hosp.*, No. 96-CV-2934 (SS), 1996 WL 665610, at *18 (S.D.N.Y. Nov. 18, 1996). Moreover, even if it were relevant, which it is not, Plaintiff has not adequately pled this claim. He has not asserted any of the elements necessary to prevail on a theory of *res ipsa loquitur*, namely that: "(1) the event was of a kind which normally does not occur in the absence of someone's negligence; (2) it was caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it was not due to any voluntary action on the part of the plaintiff." *Potthast v. Metro-N. R.R. Co.*, 400 F.3d 143, 149 (2d Cir. 2005).

Plaintiff has also failed to plead and prove the elements for a cause of action sounding in simple negligence. In New York, "[t]o sustain a claim for negligence, a plaintiff must show that the defendant owed the plaintiff a cognizable duty of care, that the defendant breached that duty, and that the plaintiff suffered damages as a proximate result of that breach." *King v. Crossland Sav. Bank*, 111 F.3d 251, 259 (2d Cir. 1997).

The duty element of a negligence claim is "a relationship between ... two parties such that society imposes an obligation on one to protect the other from an unreasonable risk of harm." *Stanford v. Kuwait Airways Corp.*, 89 F.3d 117, 123 (2d Cir. 1996). The existence of a duty is a "legal, policy-laden declaration reserved for Judges." *In re Sept. 11 Litig.*, 280 F. Supp. 2d 279, 290 (S.D.N.Y. 2003) (quotation marks and citation omitted). Plaintiff's Complaint fails to allege any duty owed him or the class he seeks to represent by the Defendant. Even if this Court construes Plaintiff's Complaint as alleging that Defendant had a duty to send proper cancellation by obtaining a valid certificate of mailing, this simply results in the conclusion that Plaintiffs have failed to meet the pleading standard. Not only does Plaintiff fail to articulate the duty owed to him and his class members, but Defendant's duty, insofar as it exists, is not directed at insureds, who can suffer no possible harm from its breach. It is a record-keeping mechanism with the potential to alleviate Defendant's evidentiary burden.

Even taking as true Plaintiff's allegation that Defendant breached a duty to effectively cancel the insurance policy by failing to obtain and retain a valid certificate of mailing, Plaintiff still cannot possibly satisfy the requirements of establishing proximate cause and damages. Defendant's acts or omissions must have been the proximate cause of Plaintiff's injury to sustain a negligence claim. The proximate cause element is satisfied if a plaintiff can "establish that the defendant's negligence was a substantial foreseeable factor in bringing about his or her injury." *Craig Test Boring Co. v. Saudi Arabian Airlines Corp.*, 138 F.Supp.2d 553, 557 (S.D.N.Y. 2001). The failure to obtain a valid certificate of mailing has nothing to do with Plaintiff's alleged injury. Moreover, as explained above, Defendant's breach of its alleged statutory duty to obtain and retain a valid certificate of mailing only harms themselves; indeed, the benefit of

Defendant's breach inures to Plaintiff by forcing the insurer to meet a more difficult evidentiary standard to defeat an insured's claim.

Plaintiff has failed to allege adequate facts in his Complaint that could support a cause of action for negligence. Therefore, Count V of the Complaint is dismissed.

**IV.    Individual Claims and Supplemental Jurisdiction**

Reading Plaintiff's Complaint broadly, it appears that Plaintiff may also be alleging individual claims under state law asserting causes of action based solely on the lack of notice, independent of the issue of a certificate of mailing.[4] Those claims are not addressed herein. As the basis for federal jurisdiction in this matter rests on the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d)(2), and since all class claims have been dismissed pursuant to this Order, any surviving individual claims rest on this Court's supplemental jurisdiction pursuant to 28 U.S.C. 1367(a).

Pursuant to 28 U.S.C. § 1367(c)(3), a district court has the discretion to decline to exercise supplemental jurisdiction over state claims after the dismissal of all claims over which it had original jurisdiction. Though the doctrine is permissive, the Second Circuit has held that "the scope of the district court's discretion "is not boundless." *Valencia v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (whether to exercise supplemental jurisdiction is left to the discretion of the district court.). Instead, justification for exercising supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward

---

[4] For example, Plaintiff's Complaint alleges that "Oskar never received any notice of cancellation." (Compl. ¶9)

declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1998).

Given the early stage of these proceedings, as well as the state's interest in addressing claims brought wholly under state law in an area of law – insurance coverage – that is traditionally within the province of the state courts, this Court declines to exercise supplemental jurisdiction on any remaining individual claims.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss [Doc. No. 13] is GRANTED, and Plaintiff's class claims are DISMISSED. As there remains no basis for federal subject matter jurisdiction, this Court having dismissed all claims brought under the Class Action Fairness Act, 28 U.S.C. 1332(d)(2), the Court declines to exercise supplemental jurisdiction over any remaining individual claims. The Clerk of Court shall enter judgment accordingly and close this case.

SO ORDERED.

Dated: Brooklyn, New York
March 21, 2010

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge